**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4552**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

KASTLER CHERISME,

            Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:08-cr-00866-RBH-3)

Submitted:  August 31, 2010        Decided:  September 17, 2010

Before WILKINSON, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

D. Craig Brown, Florence, South Carolina, for Appellant.  Carrie
Ann Fisher, Assistant United States Attorney, Florence, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kastler Cherisme was indicted and charged with conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 (2006) (Count One), and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) (2006) (Count Two). Cherisme proceeded to a jury trial, during which a co-conspirator testified against Cherisme pursuant to a plea agreement with the Government. At the conclusion of all the evidence, the jury found Cherisme guilty of both counts in the indictment. Thereafter, Cherisme filed a Fed. R. Crim. P. 29 motion for a new trial, arguing that the evidence was insufficient to sustain the jury's verdict. The district court denied Cherisme's motion and subsequently sentenced him to fifty-one months of imprisonment on each of Counts One and Two. Cherisme timely noted his appeal.

On appeal, counsel for Cherisme has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that there are no meritorious issues for appeal but questions whether the district court erred in denying the Rule 29 motion.[*] Finding no error, we affirm.

---

[*] Cherisme, informed of his right to file a pro se supplemental brief, has not done so.

2

This court reviews the denial of a Rule 29 motion de novo. United States v. Kellam, 568 F.3d 125, 132, 138 (4th Cir.), cert. denied, 130 S. Ct. 657 (2009). Where, as here, the motion is based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); see United States v. Midgett, 488 F.3d 288, 297 (4th Cir. 2007). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Delfino, 510 F.3d 468, 471 (4th Cir. 2007) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc) (alterations omitted)).

This court reviews both direct and circumstantial evidence, and permits the "[G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). In resolving issues of substantial evidence, this court does not weigh evidence or reassess the factfinder's determination of witness credibility, United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989), and "can reverse a conviction on insufficiency grounds only when the prosecution's failure is

3

clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotations omitted).

To establish Count One, the Government was required to prove "(1) an agreement between two or more persons to engage in conduct that violates a federal drug law, (2) the defendant's knowledge of the conspiracy, and (3) the defendant's knowing and voluntary participation in the conspiracy." Kellam, 568 F.3d at 139 (internal quotation marks omitted). "After a conspiracy is shown to exist, . . . the evidence need only establish a slight connection between the defendant and the conspiracy to support conviction." Id. (internal quotation marks omitted).

To establish Count Two, the Government was required to prove "(1) possession of the controlled substance, (2) knowledge of the possession, and (3) intent to distribute." United States v. Hall, 551 F.3d 257, 267 n.10 (4th Cir. 2009) (internal quotation marks omitted). Possession may be either actual or constructive. "A person may have constructive possession of contraband if he has ownership, dominion, or control over the contraband or the premises or vehicle in which the contraband was concealed." United States v. Herder, 594 F.3d 352, 358 (4th Cir.), cert. denied, 130 S. Ct. 3440 (2010). To prove constructive possession, the Government must establish the defendant's knowledge of the contraband's presence, with either direct or circumstantial evidence. Id.

4

We have reviewed the record on appeal and find more than sufficient evidence to sustain the jury's verdict on Counts One and Two. Accordingly, the district court did not err in denying Cherisme's Rule 29 motion.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Cherisme's conviction and sentence. This court requires that counsel inform Cherisme, in writing, of the right to petition the Supreme Court of the United States for further review. If Cherisme requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cherisme.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>